**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JAMES HENRY WEILBAECHER** **CIVIL ACTION NO.: 2:25-cv-02070**

**VERSUS**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

# FIRST AMENDED COMPLAINT

Now into Court comes Plaintiff, **JAMES HENRY WEILBAECHER,** who amends his original Complaint by replacing it in its entirety with the following:

## I. PARTIES

1. Plaintiff, **JAMES HENRY WEILBAECHER**, is a person of the full age of majority, and a resident of St. Tammany Parish, Louisiana.

2. Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("LINCOLN")**, is a foreign corporation authorized to do and doing business in the State of Louisiana in this judicial district.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. §1391 (c) and (d), and 29 U.S.C. § 1132(e), ERISA § 502(e), because Defendant may be found in this district by being subject to personal jurisdiction in this district for the controversy at issue herein.

## III. FACTS AND ALLEGATIONS

5. Plaintiff at all material times was employed as a Evening Shift Surgery Registered Nurse/Charge Registered Nurse for St. Tammany Parish Hospital (not a defendant) and a beneficiary and participant in its employee benefits plan ("the Plan"), administered for participating employees in the state of Louisiana and elsewhere.

6. Defendant, **LINCOLN**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract with St. Tammany Parish Hospital and the Plan to insure the Plan and provide certain claims services relevant here.

7. Defendant, **LINCOLN**, insured the Plan and Plaintiff as beneficiary for all benefits at issue herein through an insurance policy ("the Policy").

8. Defendant**, LINCOLN**, acted at all times as fiduciary of the Plan by virtue of being under contract with the Plan, the Plan Administrator of the Plan, and Commercial Metals Company, to act as claims administrator for the Plan, determine eligibility for benefits under the Plan, and provide insurance for disability benefit payment obligations under the Plan.

9. Among other benefits, the Plan provided disability benefits.

10. Beginning January 14, 2022, Plaintiff became, remains, and will continue permanently to be, disabled from his own former occupation, as well as any occupation, as defined by the Plan and the Policy as a result of disabling medical conditions including Long COVID, severe depression, suicidal ideation, along with ongoing symptoms of severe headaches, brain fog, dizziness, and required medical treatment and medications.

11. Despite receiving overwhelming proof that Plaintiff remained qualified for benefits under the Plan terms, Defendant, **LINCOLN**, prematurely, arbitrarily and capriciously

misinterpreted the Plan's terms and provisions and made erroneous factual findings to discontinue and deny Plaintiff's benefits.

12. Plaintiff incurred attorney's fees in order to pursue benefits from the Plan and the Policy.

13. Plaintiff is entitled to judgment awarding benefits owed under the terms of the Plan and the Policy against Defendant **LINCOLN**.

14. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant **LINCOLN**.

**WHEREFORE**, Plaintiff **JAMES HENRY WEILBAECHER**, prays for judgment against Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;
2. For all reasonable attorney's fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully Submitted,

s/J. Price McNamara

**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
9431 Common Street
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-201-8313
price@jpricemcnamara.com
Attorney for Complainant