**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

**JAMES HENRY WEILBAECHER,**

**Plaintiff,**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

**CIVIL ACTION NO. 2:25-cv-02070-LMA-DPC**

**DISTRICT JUDGE LANCE M AFRICK**

**MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT**

# JOINT STATUS REPORT

Pursuant to the Scheduling Order entered by the Court on November 13, 2025 (Dkt 15), the Parties file this Joint Status Report.

## 1. PARTIES AND COUNSEL:

Plaintiff: James Henry Weilbaecher, represented by J. Price McNamara
Defendant: The Lincoln National Life Insurance Company, represented by Iwana Rademaekers and Lindsay Calhoun

## 2. PENDING MOTIONS

There are no pending motions at this time.

## 3. CONFERENCES AND TRIAL

This case is currently set for Final Pretrial Conference to be held on April 16, 2026, and non-jury Trial to commence May 18, 2026. However, if this matter is not settled prior to the April 1, 2026, motions submission date, the Parties believe it will be resolved through cross summary judgment motions. In the unlikely event that trial becomes necessary, the Parties estimate the number of days that trial will require is one day.

## 4. BRIEF DESCRIPTION OF UNDERLYING FACTUAL AND LEGAL ISSUES

### a. Plaintiff claims:

Plaintiff brings his lawsuit pursuant to Section 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA"), seeking benefits under a group long-term disability insurance policy issued by Defendant. Defendant denied benefits to Plaintiff, alleging that the administrative record did not contain documentation supporting any restrictions or limitations that would preclude him from performing the main duties of his own occupation beyond 1/17/2022, and therefore did not meet the elimination period and does not meet the definition of total disability.

### b. Defendant's claims:

Because the benefit policy at issue vests Defendant with discretionary authority to determine eligibility for benefits, Defendant submits that its benefit determination relative to Plaintiff will be reviewed according to an arbitrary and capricious standard of review. Under that standard, Defendant's decision can be reversed only if its decision was entirely irrational and disconnected from the evidence in the record. Because Defendant's decision in this matter is supported by evidence in the record, its decision must be affirmed and Plaintiff's case dismissed with prejudice.

## 5. DISCOVERY REMAINING TO BE DONE

As this matter is a claim for ERISA benefits allegedly due, no discovery is required or permitted in this case other than production of the relevant administrative record and plan documents. Lincoln has agreed to serve a complete copy of the bates-labeled administrative record on Plaintiff by January 6, 2026.

## 6. STATUS OF SETTLEMENT NEGOTIATIONS

No settlement discussions have taken place to date. However, the parties intend to discuss settlement in the next few weeks.

Respectfully submitted,

*/s/ J. Price McNamara*

J. Price McNamara (LA Bar Roll No. 20291)
9431 Common Street
Baton Rouge, LA 70809
Telephone: (225) 201-8311
Facsimile: (225) 201-8313
Email: price@jpricemcnamara.com

**COUNSEL FOR PLAINTIFF**

**AND**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
rademaei@jacksonlewis.com
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

*- And -*

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar #35070)
**PHELPS DUNBAR, LLP**
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT**